COTTON, appellant, v. MAURER.

*Highways — cattle at large in.*

Under the provisions of the statute to prevent animals running at large in the public highways, the owner of cattle is bound to prevent them from running at large contrary to such provisions, when such prevention is possible within the ordinary limits of human prudence. And it is no defense to an action for the penalty imposed by section 1 of the act that the cattle have escaped from the owner's premises by the breaking down of fences by an unruly cow belonging to him, or by reason of defective fences.

APPEAL from an order of the county court of Erie county denying a motion for a new trial after verdict for defendant. The facts appear in the opinion.

*Corlett & Tabor*, for appellant.

*Thayer & Benedict*, for respondent.

TALCOTT, J. This action was brought to recover the penalty imposed by the statute enacted to prevent the running at large of cattle, etc., as amended by chapter 424 of the Laws of 1869. The action was originally brought in a justice's court. The section of the statute under which the action was brought is as follows, viz. :

" It shall not be lawful for any horses, sheep, swine or goats to run at large or to be herded or pastured in any public street, park, place or highway in this State. And any person suffering or per-mitting any animal to so run at large or be herded or pastured, in violation of this section, shall forfeit a penalty of five dollars for every horse, swine or cattle," etc., " to be recovered by civil action by any inhabitant of the town in his own name, or in the name of the overseer of the poor of the town."

The proof was clear and beyond doubt that the defendant's cattle, consisting of cows, oxen, young cattle and a bull, were frequently running at large in the highway known as the Clinton street road in the town of Elmira, in Erie county. The defense was that the cattle escaped from the defendant's premises on account of the fences being frequently broken down by an unruly cow belonging to the defendant, kept with his other cattle, and also that a portion of his fence adjoining the said highway was in bad repair and most of the time down. This evidence was admitted by the court as tending to establish a defense, upon the principle, which the court instructed the jury was the law applicable to the statute, that the owner of cattle was bound to exercise only " ordinary care or due diligence to restrain and keep in bounds the horses and cattle that he owns." It is manifest that such a ruling and the admission of such a defense amounts to a practical abrogation of the statute.

The legislative act assumes that it is in the power of the owner to keep his cattle on his own premises. He must not " suffer " them to be at large in the highway. To suffer is to endure, not to forbid or hinder.

An owner of cattle is certainly bound to prevent his cattle from running at large contrary to the provisions of this statute, where such prevention is possible, within the ordinary limits of human exertion at all events. To accept the excuse that cattle are unruly

and fences defective as a defense to an action for violation of the statute, is to encourage the very mischiefs which the statute was designed to prevent, and to deprive the public of all benefit from its provisions. It is not necessary to say that if cattle escape into a highway by reason of something which human foresight, ingenuity and power could not prevent, the owner would, in such case, be liable to the penalty, but such case must be presented before the question will arise.

The question is not one of degrees of care and negligence or diligence. The owner of cattle must keep them on his own premises unless, at all events, he is prepared to show that on the particular occasion when they escaped, it was impossible to restrain them.

*A new trial is ordered in the county court, costs to abide the event.*